**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 8, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ERIC ABSHER,

      Petitioner - Appellant,

v.

SCOTT CROW,

      Respondent - Appellee.

No. 19-6169
(D.C. No. 5:19-CV-00354-HE)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **HARTZ**, **EID**, and **CARSON**, Circuit Judges.
_____

Eric Absher, an Oklahoma inmate proceeding pro se, seeks a certificate of

appealability (COA) to challenge the denial of habeas relief under 28 U.S.C. § 2254. *See*

*id.* § 2253(c)(1)(A) (stating no appeal may be taken from a final order denying a § 2254

petition unless the petitioner obtains a COA). We deny a COA and dismiss this matter.

I

Mr. Absher was charged by information with five counts of committing lewd acts

with a minor child. *See* Okla. Stat. tit. 21, § 1123(A)(5)(c), (e), (f). The information

alleged the victims were five-year old K.T. and six-year old K.J., both of whom gave

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

video-recorded statements to a forensic interviewer, Lara Welch. Based on the testimony of Ms. Welch, K.T.'s mother (who witnessed one episode of assault), and several other witnesses, as well as the victims' video interviews, an Oklahoma jury convicted Mr. Absher on all counts. The trial court sentenced him to serve 150 years in prison.

On direct appeal, Mr. Absher raised a single claim that he was denied a fair trial because Ms. Welch improperly vouched for the truthfulness of the victims' statements. The Oklahoma Court of Criminal Appeals (OCCA) rejected that claim, ruling that there was error but Mr. Absher failed to show prejudice.

Mr. Absher then sought post-conviction relief in the state courts, claiming the trial court lacked subject matter jurisdiction because the prosecution failed to verify and endorse his criminal information. He also claimed ineffective assistance of trial counsel and cumulative error, as well as ineffective assistance of appellate counsel for failing to raise the underlying claims. Although he requested an evidentiary hearing, the state post-conviction court summarily denied relief without a hearing. On appeal, the OCCA remanded with the directive that the state post-conviction court make specific findings and conclusions addressing Mr. Absher's claims.

On remand, the state post-conviction court directed the prosecution to file a response brief, which the court later adopted as its own findings and conclusions to support the denial of relief. Additionally, the state post-conviction court specifically determined that trial counsel was not ineffective in declining to have Mr. Absher testify on his own behalf because the evidence against him was overwhelming and his testimony would not have been persuasive. The OCCA affirmed, ruling that any previously

2

adjudicated issues were res judicata and all issues not raised on direct appeal were waived. Thus, the OCCA considered only the ineffective-assistance-of-appellate-counsel claim, which the court denied. The OCCA also denied an evidentiary hearing.

Mr. Absher subsequently filed his § 2254 petition, which a federal magistrate judge determined should be denied. Over Mr. Absher's objections, the district court adopted that recommendation. Mr. Absher now seeks a COA on ten claims.

II

To obtain a COA, Mr. Absher must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). He "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We evaluate his application by engaging in "an overview of the claims in [his] habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs federal habeas review of state court decisions. If a state court adjudicated the merits of a claim, federal habeas relief is unavailable unless the applicant shows that the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (2). Clearly established federal law "focuses exclusively on holdings of the Supreme Court," and "[t]he absence of clearly established federal law is dispositive under § 2254(d)(1)." *Littlejohn v. Trammel*, 704 F.3d 817, 825

3

(10th Cir. 2013) (internal quotation marks omitted).  Review is limited to the record before the state court, whose factual findings "are presumed correct unless the applicant rebuts that presumption by 'clear and convincing evidence.'"  *Id.* (quoting 28 U.S.C. § 2254(e)(1)).

## II

Mr. Absher seeks a COA on the following ten claims:

- the trial court lacked subject matter jurisdiction because the prosecution failed to verify and endorse the criminal information;

- ineffective assistance of trial counsel for failing to:

  o file a motion to dismiss based on the prosecution's failure to verify and endorse the criminal information;

  o inform him he had the right to testify and allow him to testify;

  o call his girlfriend, Monica Borjas, as a witness;

  o thoroughly cross-examine the victim, K.T.;

  o thoroughly cross-examine the victim, K.J.;

- cumulative error;

- ineffective assistance of appellate counsel for failing to raise the foregoing claims and communicate with him prior to initiating his appeal;[1]

- Ms. Welch's vouching for the victims' credibility denied him due process; and

- the state post-conviction court and the OCCA denied him due process by refusing to hold an evidentiary hearing on post-conviction review.

---

[1] Mr. Absher also claimed appellate counsel was ineffective in failing to challenge the state post-conviction court's denial of an evidentiary hearing, but appellate counsel could not have raised that claim before the post-conviction proceedings occurred.

All of these claims are subject to AEDPA deference. Although the OCCA did not expressly discuss the first seven claims on post-conviction review, it implicitly rejected them by denying relief on Mr. Absher's ineffective-assistance-of-appellate-counsel claim for failure to raise the underlying issues. *See Ryder ex rel. Ryder v. Warrior*, 810 F.3d 724, 740 (10th Cir. 2016) ("[W]here a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." (internal quotation marks omitted)); *see also id.* (explaining that AEDPA deference applied where the OCCA adjudicated a broad ineffective-assistance-of-appellate-counsel claim, even though the OCCA did not explicitly discuss a particular subpart of the claim). Additionally, the OCCA expressly denied an evidentiary hearing during post-conviction proceedings, and it rejected Mr. Absher's improper-vouching claim on direct appeal. Thus, mindful that these decisions were entitled to AEDPA deference, we now turn to Mr. Absher's claims.

## A. *Trial Court's Jurisdiction*

Mr. Absher contends the trial court lacked subject matter jurisdiction because his criminal information was not verified and endorsed by the prosecution. The state post-conviction court denied this claim and, in adopting the prosecution's response brief, found that, in fact, the information was verified and endorsed. The OCCA implicitly rejected this claim by denying the ineffective-assistance-of-appellate-counsel claim. The district court determined that whether applying AEDPA deference or reviewing the claim de novo, Mr. Absher was not entitled to relief. Reasonable jurists would not debate this conclusion because the claim was not cognizable to the extent it relied on Oklahoma law.

5

*See Swarthout v. Cook*, 562 U.S. 216, 219 (2011) (per curiam) ("[F]ederal habeas corpus relief does not lie for errors of state law." (internal quotation marks omitted)). And to the extent Mr. Absher invoked the Fourteenth Amendment, he offers no evidence to rebut the state post-conviction court's presumptively correct finding that the information was verified and endorsed.

## B. Ineffective Assistance of Trial Counsel

Mr. Absher also seeks a COA on five ineffective-assistance-of-counsel claims. Under *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), he must demonstrate both that counsel's performance "fell below an objective standard of reasonableness" and that "the deficient performance prejudiced the defense." Ordinarily, review of counsel's performance under the first prong is "highly deferential," but "[t]he challenge is even greater for a petitioner under § 2254, as our review in such circumstances is doubly deferential." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011) (internal quotation marks omitted). Indeed, "when assessing a state prisoner's ineffective-assistance-of-counsel claims on habeas review, we defer to the state court's determination that counsel's performance was not deficient and, further, defer to the attorney's decision in how to best represent a client." *Id.* (brackets and internal quotation marks omitted). To show prejudice under the second prong, mere speculation is not enough; a petitioner "must show that counsel's errors were so serious as to deprive him of a fair trial, a trial whose result is reliable." *Id.* (brackets and internal quotation marks omitted).

*1. Failure to File a Motion to Dismiss Based on the Criminal Information*

Mr. Absher first contends his trial counsel was ineffective in failing to move to dismiss the charges because the criminal information was not verified and endorsed. Again, the state post-conviction court rejected the factual premise of this claim, and the OCCA implicitly denied the claim by rejecting Mr. Absher's ineffective-assistance-of-appellate-counsel claim. Reasoning that the underlying claim was meritless, the district court determined that Mr. Absher could not establish trial counsel was ineffective in failing to raise it. This conclusion is not reasonably debatable. Mr. Absher must offer clear and convincing evidence to rebut the state post-conviction court's presumptively correct factual finding that the information was verified and endorsed. He failed to do so. Thus, the omitted claim was meritless, and consequently, counsel could not have been ineffective in failing to raise it. *See Hanson v. Sherrod*, 797 F.3d 810, 837 (10th Cir. 2015) (explaining that counsel cannot be ineffective for failing to raise meritless claims).

*2. Failure to Inform Mr. Absher of his Right to Testify and Allow him to Testify*

Mr. Absher also contends his trial counsel was ineffective for failing to inform him of his right to testify and allow him to testify. The state post-conviction court rejected this claim, reasoning his proffered testimony would not have been persuasive, particularly where it would have opened him to questioning about a prior felony conviction and a previous conviction for committing lewd acts with another minor under the age of twelve. The OCCA implicitly rejected this claim by denying the ineffective-assistance-of-appellate-counsel claim, reasoning that Mr. Absher failed to establish "that his proffered testimony would have change[d] the result of his appeal." R. at 406.

7

The district court, in adopting the magistrate judge's report and recommendation, determined that the OCCA's conclusion was not an unreasonable application of federal law because Mr. Absher failed to show prejudice—*viz.*, he failed to show the result of his proceedings would have been different. The court outlined the elements of his offenses, recited the specific evidence submitted at trial, and evaluated Mr. Absher's proffered testimony. We need not recite the victims' graphic statements, which were corroborated by K.T.'s mother and a sheriff's deputy who responded to a 911 call made by K.T.'s mother after she witnessed Mr. Absher sexually assault K.T. Mr. Absher asserts he would have testified that he and several witnesses drove around the night before that incident smoking methamphetamine, that the following day K.T.'s mother acted suggestively around him but he rebuffed her advances, and that he did not engage in any sexual behavior with the children. The district court determined, however, that the evidence admitted at trial was both significant and overwhelming, Mr. Absher's proffered testimony would not have resulted in a different outcome, and thus the OCCA's decision was not an unreasonable application of federal law. We have little difficulty concluding that the district court's decision is not reasonably debatable.

### 3. *Failure to Call Monica Borjas as a Witness*

Mr. Absher next contends his trial counsel was ineffective in failing to call Monica Borjas as a witness. Ms. Borjas was his girlfriend, and he contends her testimony would have impeached testimony from K.T.'s mother regarding her whereabouts on the night before she claimed to see him sexually assault K.T. and the description she gave of his genital area. He says Ms. Borjas also would have testified that K.T.'s mother was jealous

8

of him and had a motive to falsely testify. Last, he contends Ms. Borjas could have impeached another witness who claimed his son was not at the home where K.T.'s mother witnessed Mr. Absher sexually assault K.T.

The state post-conviction court rejected this claim, and the OCCA implicitly denied it. The district court, in adopting the magistrate judge's report and recommendation, determined that the OCCA's decision was not an unreasonable application of federal law because even if Ms. Borjas's testimony had some marginal impeachment value, it was substantially outweighed by the overwhelming evidence of Mr. Absher's guilt. The district court therefore concluded that Mr. Absher failed to show any prejudice from trial counsel's failure to call Ms. Borjas as a witness. Based on our general overview of the evidence, including the interviews from K.T. and K.J. and testimony from other witnesses, reasonable jurists would not debate the district court's conclusion.

### 4. *Failure to Thoroughly Cross-Examine K.T.*

Mr. Absher argues his trial attorney rendered ineffective assistance in failing to thoroughly cross-examine K.T. The state post-conviction court determined counsel was not ineffective in this regard because the decision to sensitively cross-examine a child who was alleged to have been the victim of sexual assault was one of sound trial strategy, particularly where a more aggressive approach might have prejudiced Mr. Absher to the jury. The OCCA implicitly denied this claim.

The district court concluded that the OCCA's decision was neither contrary to, nor an unreasonable application of federal law. Given the highly deferential standard for

9

reviewing the OCCA's decision, and the highly sensitive nature of cross-examining a child victim, as well as the other evidence before the jury, the district court's decision is not reasonably debatable.

5.  *Failure to Thoroughly Cross-Examine K.J.*

Mr. Absher similarly asserts his trial attorney was ineffective in failing to thoroughly cross-examine K.J.  This claim is governed by the same analysis governing the previous claim concerning counsel's cross-examination of K.T.  Reasonable jurists would not debate the district court's denial of this claim.

C.  *Cumulative Error*

Mr. Absher next contends he is entitled to a COA on his claim of cumulative error. The state post-conviction court rejected this claim, and the OCCA implicitly denied it. The district court determined it did not warrant relief because Mr. Absher failed to establish any error at all.  This conclusion is not reasonably debatable because "cumulative-error analysis applies where there are two or more actual errors.  It does not apply to the cumulative effect of non-errors."  *Hooks v. Workman*, 689 F.3d 1148, 1194-95 (10th Cir. 2012) (brackets, ellipsis, and internal quotation marks omitted).

D.  *Ineffective Assistance of Appellate Counsel*

Mr. Absher also seeks a COA on his claim that appellate counsel was ineffective in failing to raise the foregoing claims on direct appeal and to contact him prior to lodging his appeal.  The OCCA rejected this claim, and the district court concluded that the OCCA's decision was not an unreasonable application of federal law because the omitted claims were meritless.  Given that the underlying claims were meritless, appellate

counsel could not have been ineffective in failing to raise them. *See Neill v. Gibson*, 278 F.3d 1044, 1057 (10th Cir. 2001) ("When considering a claim of ineffective assistance of appellate counsel for failure to raise an issue, we look to the merits of the omitted issue." (internal quotation marks omitted)). Nor does Mr. Absher provide any evidence to rebut the state post-conviction court's presumptively correct finding that counsel did attempt to contact him before filing his appeal. Under these circumstances, the district court's denial of this claim is not reasonably debatable.

### E. Welch's Vouching for the Victims' Credibility

We next consider Mr. Absher's claim that he was denied due process when the forensic interviewer, Ms. Welch, vouched for the truthfulness of the victims' statements. On direct appeal, the OCCA reviewed for plain error and acknowledged that an expert witness in a child sexual abuse case should not testify to the veracity of a child's statement. But the OCCA concluded that the error did not affect Mr. Absher's substantial rights because the jury viewed the victims' video interviews and heard their specific descriptions of what Mr. Absher did to them, which was corroborated by K.T.'s mother. Consequently, the OCCA concluded that Mr. Absher was not prejudiced by the error.

The district court denied the claim, ruling that the OCCA's review for plain error is tantamount "'to the constitutional test for due process,'" R. at 524 (quoting *Hancock v. Trammell*, 798 F.3d 1002, 1011 (10th Cir. 2015)), which was entitled to deference unless the OCCA unreasonably applied the due process test, *see Eizember v. Trammell*, 803 F.3d 1129, 1138 n.1 (10th Cir. 2015) ("[I]f a state court on plain error review denied relief on a federal claim by deciding there was no federal law error at all . . . our standard

11

AEDPA standards apply.").  The court concluded that the OCCA's decision was not an unreasonable application of the federal due process test because the OCCA recognized that the jury watched the victims' video interviews and was tasked with evaluating their credibility.  The OCCA also recognized the jury heard corroborating testimony from K.T.'s mother, who described in detail the incident of sexual assault that she witnessed.  Under these circumstances, reasonable jurists would not debate the district court's conclusion.

### F.  State Courts' Denial of an Evidentiary Hearing

Finally, Mr. Absher seeks a COA on his claim that the state courts refused to hold an evidentiary hearing during his post-conviction proceedings.  The district court denied this claim, ruling that Oklahoma law governed whether Mr. Absher was entitled to a hearing, which was not a basis for federal habeas relief.  This conclusion is not reasonably debatable because "federal habeas corpus relief does not lie for errors of state law," *Swarthout*, 562 U.S. at 219 (internal quotation marks omitted).  To the extent he asserts the denial of a hearing deprived him of due process, he must show a state-law error that was "grossly prejudicial."  *Hooks*, 689 F.3d at 1180 (internal quotation marks omitted).  Mr. Absher fails to make that showing.

### III

For the foregoing reasons, we deny a COA and dismiss this matter.

Entered for the Court

Joel M. Carson III
Circuit Judge

12